UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

CASE NO. 19-15052
_____

TRUDY MIGHTY, as Personal Representative
of the Estate of David N. Alexis, deceased,

Plaintiff/Appellant,

v.

MIAMI-DADE COUNTY and OFFICER MIGUEL CARBALLOSA,

Defendants/Appellees.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
_____

_____

**APPELLANT'S REPLY BRIEF**
_____

ROY D. WASSON
WASSON & ASSOCIATES, CHARTERED
Courthouse Plaza—Suite 600
28 West Flagler Street
Miami, FL 33130
(305) 372-5220 Telephone
roy@wassonandassociates.com

MARY MARGARET SCHNEIDER,
FRANK LABRADOR, PETER DEMAHY
DLD LAWYERS
806 Douglas Road, 12th Floor
Coral Gables, Florida 33134
(305) 443-4850 Telephone
mmschneider@dldlawyers.com
flabrador@dldlawyers.com
pdemahy@dldlawyers.com

Counsel for Appellant

*Mighty v. Miami-Dade County*
Case No. 19-15052

## <u>CERTIFICATE OF INTERESTED PERSONS/</u>
## <u>CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Fed. R. App. P. 26.1 and 11th Cir. R. 28-1(b), the undersigned counsel for Plaintiff/Appellant, Trudy Mighty, certifies that the following is a list of all trial judge(s) and all attorneys, persons, associations or persons, firms, partnerships, corporations or governmental entities that have an interest in the outcome of this case:

1. Alexis, Teyliah, minor statutory survivor of David N. Alexis
2. Alfonso, Annery Pulgar, Assistant County Attorney
3. Carballosa, Miguel, Defendant/Appellee
4. Crosby, Shannon, Counsel for Plaintiff/Appellant
5. DeMahy, Labrador, Drake Victor Rojas & Cabeza, Counsel for Plaintiff/Appellant
6. DeMahy, Pedro L., Counsel for Plaintiff/Appellant
7. Hochstadt, Jennifer L., Counsel for Counsel for Defendant/Appellee Carballosa;
8. Labrador, Frank, Counsel for Plaintiff/Appellant
9. Miami-Dade County, Defendant/Appellee
10. Miami-Dade County Attorney's Office
11. Mighty, Trudy, Plaintiff/Appellant
12. Moreno, Hon. Federico, A., United States District Judge
13. McAliley, Hon. Chris M., United States Magistrate Judge
14. Pastor, Bernard, Assistant County Attorney, Counsel for Defendant/Appellee

C1 of 2

*Mighty v. Miami-Dade County*
Case No. 19-15052

15. Schneider, Mary Margaret, Counsel for Plaintiff/Appellant

16. Viciana, Ana Angelica, Counsel for Defendant/Appellee

17. Wasson, Roy D., Counsel for Appellant

18. Wasson & Associates, Chartered, Counsel for Appellant


By:    <u>*s/Roy D. Wasson*</u>
        ROY D. WASSON
        Florida Bar No. 332070

WASSON & ASSOCIATES, CHARTERED
28 West Flagler Street, Suite 600 • Miami, Florida 33130 • (305) 372-5220 Telephone
www.wassonandassociates.com

## **TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS/ CORPORATE DISCLOSURE STATEMENT...................................................................1

TABLE OF CITATIONS .......................................................... iii

APPELLEE MISCHARACTERIZES THE ISSUES ON APPEAL AND MAKES A CLASSIC "STRAW MAN" ARGUMENT, NEEDLESSLY KNOCKING IT DOWN .......................................................1

APPELLEE'S ARGUMENT THAT THE "CENTRAL ISSUE AT TRIAL" WAS WHOSE VERSION OF THE FACTS THE JURY BELIEVED BEGS THE QUESTION...................................................3

THE DISTRICT COURT ABUSED ITS DISCRETION IN PERMITTING DEFENSE EXPERT EMMA LEW TO PROVIDE UNDISCLOSED TESTIMONY AND REFUSED TO GIVE A REQUESTED CURATIVE INSTRUCTION ...........................6

    A.   Introduction:..........................................................................6

    B.   Dr. Lew's Undisclosed Opinion Was a Surprise:................................7

    C.   No Waiver by Failure to File Motion in Limine: ..............................10

    D.   Dr. Lew's Testimony Was Inadmissibly Speculative: .....................13

    E.   Dr. Lew's Speculative Testimony Inadmissible Under "Doctrine of Curative Admissibility":............................................15

    F.   No Waiver by Rejecting Mistrial Offer:............................................15

THE TRIAL COURT ERRONEOUSLY ALLOWED MS. ACEVEDO'S TESTIMONY ABOUT MR. ALEXIS' PRIOR BAD ACT OF POINTING A GUN AT HER..............................................16

    1.   Introduction:.........................................................................16

    G.   The Objection Was Preserved by Plaintiff's Motion in Limine........17

i

H.    Evidence Inadmissible Under Rule 404(b) to Show Absence of
Mistake and Opportunity: ..................................................................18

THE DISTRICT COURT ABUSED ITS DISCRETION IN
EXCLUDING FROM EVIDENCE DAVID ALEXIS' PISTOL .................19

THE COURT ERRED IN PRECLUDING PLAINTIFF FROM
INTRODUCING PORTIONS OF DEFENDANT
CARBALLOSA'S VIDEOTAPED DEPOSITION AND THEN
FORBIDDING HER FROM ASKING HIM LEADING
QUESTIONS DURING HER CASE-IN-CHIEF, WHICH
TAKEN TOGETHER, WENT BEYOND THE EXERCISE OF
REASONABLE CONTROL .........................................................................22

CONCLUSION ...............................................................................................23

CERTIFICATE OF SERVICE ......................................................................23

CERTIFICATE OF COMPLIANCE ............................................................24

SERVICE LIST ..............................................................................................25

WASSON & ASSOCIATES, CHARTERED
28 West Flagler Street, Suite 600 • Miami, Florida 33130 • (305) 372-5220 Telephone
www.wassonandassociates.com

# <u>TABLE OF CITATIONS</u>

### <u>Cases</u>

*Auto-Owners Ins. Co. v. SE Floating Docks, Inc.*, 571 F.3d 1143 (11th Cir. 2009) ..................................................................................................3

*Coats & Clark, Inc. v. Gay*, 755 F.2d 1506 (11th Cir. 1985) ....................................14

*Hardin v. Hayes*¸52 F.3d 934 (11th Cir. 1995)..........................................................3

*Hewitt v. B.F. Goodrich Co.*, 732 F.2d 1554 (11th Cir. 1984) ..................................2

*Jaffe v. Bank of Amer., N.A.*, 396 F. Appx. 583 (11th Cir. 2010)............................22

*Lipphardt v. Durango Steakhouse of Brandon, Inc.*, 267 F.3d 1183 (11th Cir. 2001) ....................................................................................................2

*PEAT, Inc. v. Vanguard Research, Inc.*, 378 F.3d 1154 (11th Cir. 2004).................5

*Tang v. Republic Parking System*, 734 F. Supp. 486 (N.D. Ga. 1989) ...................14

*United States v. Martinez*, 763 F.2d 1297 (11th Cir. 1985).......................................2

### <u>Rules</u>

Fed. R. Civ. P. 46 ................................................................................... 17, 19

Fed. R. Evid. 103(b) .............................................................................. 12, 13, 19

Wasson & Associates, Chartered
28 West Flagler Street, Suite 600 • Miami, Florida 33130 • (305) 372-5220 Telephone
www.wassonandassociates.com

## ARGUMENT

## I.

## APPELLEE MISCHARACTERIZES THE ISSUES ON APPEAL AND MAKES A CLASSIC "STRAW MAN" ARGUMENT, NEEDLESSLY KNOCKING IT DOWN

Symbolizing the weakness of Appellee's position is his tactic of misdirecting this Court from the true issues on appeal. The first several pages of the Answer Brief are spent setting up a "straw man" argument that Appellant did not make, in a misguided attempt to strengthen Appellee's position for affirmance. Appellee's entire first argument is that a new trial should not be granted because the verdict was not contrary to the manifest weight of the evidence. However, a cursory reading of Appellant's Initial Brief reflects that Appellee is responding to an argument Appellant never made.

This appeal does not involve the question whether Plaintiff's motion for new trial below should have been granted based upon the verdict being against the manifest weight of the evidence. Instead, Appellant in this appeal seeks reversal based upon discrete rulings made by the district court allowing inadmissible evidence and excluding important evidence that should have been admitted at trial. Appellant cannot understand how Appellee's competent counsel decided to set up this "straw man" argument and then knock it down—possible reasons for which range from carelessly using a canned brief from another case, to circumstances

Wasson & Associates, Chartered
28 West Flagler Street, Suite 600 • Miami, Florida 33130 • (305) 372-5220 Telephone
www.wassonandassociates.com

more sinister which Appellant will not suggest—but Appellant suggests that the tactic should be seen as reflecting Appellee's realization that the actual issues raised in the Initial Brief are more difficult to address than the fabricated argument that the verdict was against the manifest weight of the evidence. Because the district court allowed in evidence which should have been excluded and kept in evidence which should have admitted, the scales weighing that evidence were tipped against the Plaintiff below.

The cases cited by Appellee in that first argument section likewise reflect Appellee's chosen tactic of hiding the ball, rather than addressing the actual issues head on. None of the first three cases cited in Appellee's first argument section have anything to do with the issues in this appeal. *Lipphardt v. Durango Steakhouse of Brandon, Inc.*, 267 F.3d 1183 (11th Cir. 2001) was a case reversing a district court's grant of a renewed motion for judgment as a matter of law after a jury verdict in favor of the plaintiff, which has nothing to do with the present case. *Hewitt v. B.F. Goodrich Co.*, 732 F.2d 1554 (11th Cir. 1984) was a case in which this Court reversed the district court's grant of a new trial based upon the weight of evidence, as was this Court's cited decision of *United States v. Martinez*, 763 F.2d 1297 (11th Cir. 1985).

Appellee has wasted the time of this Court and that of the Appellant by citing such cases that are far afield from the actual issues. The next several cases

WASSON & ASSOCIATES, CHARTERED
28 West Flagler Street, Suite 600 • Miami, Florida 33130 • (305) 372-5220 Telephone
www.wassonandassociates.com

cited by Appellee likewise display inexplicable ignorance of the actual issues—and the legal standards applicable thereto—raised in Appellant's Initial Brief. *See Auto-Owners Ins. Co. v. SE Floating Docks, Inc.*, 571 F.3d 1143 (11th Cir. 2009)(reversing district court's grant of new trial based upon verdict being against manifest weight of the evidence); *Hardin v. Hayes¸* 52 F.3d 934 (11th Cir. 1995)(reversing district court's grant of a new trial where district court had erroneously ruled "that the new trial was being granted because the 'jury's verdict [was] contrary to the great weight of the evidence.'").

The "manifest weight of the evidence" standard has nothing to do with the issues in this appeal and this Court should not be misled by Appellee's improper attempt to mischaracterize the issues. To the contrary, this Court should recognize Appellee's tactic for what it probably is: a concession that resolution of the actual issues militates in favor of reversal.

## II.

### APPELLEE'S ARGUMENT THAT THE "CENTRAL ISSUE AT TRIAL" WAS WHOSE VERSION OF THE <u>FACTS THE JURY BELIEVED BEGS THE QUESTION</u>

After Appellee wastes several pages, and much of this Court's and the Appellant's time, addressing a non-issue, Appellee frames his primary response to the actual issues in a manner that defies both logic and common sense. Noting that the standard for reversal based upon erroneous evidentiary rulings at trial

3

requires a determination that the error has caused "substantial prejudice to the affected party," Appellee argues that "Plaintiff fails to establish grounds for a new trial because . . . the central issue at trial [was] whether the jury credited Plaintiff's theory of liability, which asserted that Alexis was unarmed, or whether the jury believed that Officer Carballosa discharged his weapon in self defense because Alexis was armed and posed a threat of serious bodily harm." *See* Answer Brief at 8.

Appellee seems to be arguing that the Plaintiff could not have experienced "substantial prejudice" from the district court's evidentiary errors because "credibility was the lynchpin of this trial." That argument, of course, begs the question whether the jury would have found Officer Carballosa's testimony as credible, had the district court excluded the evidence which Plaintiff objected to and admitted the evidence which Plaintiff offered that was erroneously excluded.

Appellee's position—that the district court's evidentiary rulings were harmless because the jury believed Defendant's evidence and rejected that offered by the Plaintiff—is not only nonsensical, it reflects the exact opposite of the effect to be given where factual determinations are close questions. An appellant need not show that he or she had a strong case in order for errors in evidentiary rulngs to be harmful. This Court recognizes that, in determining the harmfulness of the erroneous admission or exclusion of evidence, "we look to a number of factors,

Wasson & Associates, Chartered
28 West Flagler Street, Suite 600 • Miami, Florida 33130 • (305) 372-5220 Telephone
www.wassonandassociates.com

including the number of errors, ***the closeness of the factual disputes*** (*i.e.*, the strength of the evidence on the issues affected by the error), and the prejudicial effect of the evidence at issue." *PEAT, Inc. v. Vanguard Research, Inc.*, 378 F.3d 1154, 1161 (11th Cir. 2004). This Court in the two prior appeals acknowledged that the evidence offered by Plaintiff was sufficient to create jury questions. The factual issues were close.

Appellee attempts to minimize the impact of the district court's evidentiary rulings by simplistically arguing that the jury's finding on the key factual issue of whether David Alexis had pointed a pistol at Officer Carballosa "was entirely a function whether they believed Officer Carballosa when he described his split-second decision to discharge his firearm." *See* Answer Brief at 9. That argument dovetails with the district court's expressed misunderstanding of the significance of the other evidentiary rulings, such as the ones cited by Appellee on page 8 of his brief: "But if the jurors don't believe Office Carballosa's testimony, the testimony of the experts is kind of irrelevant for the jurors?"

It begs the question whether the other evidentiary rulings were harmful to say that the jury must have believed Officer Carballosa, thereby rendering the other testimony superfluous. Of course the jury was more likely to believe Officer Carballosa—based on the inadmissible testimony that was erroneously admitted and the exclusion of relevant evidence on that key issue that should have been

Wasson & Associates, Chartered
28 West Flagler Street, Suite 600 • Miami, Florida 33130 • (305) 372-5220 Telephone
www.wassonandassociates.com

admitted—then would have been the case otherwise. It does not answer the "substantial prejudice" question to point to Miguel Carballosa's testimony in isolation and argue that the jury must have believed that testimony. Again, Appellee is attempting to mislead this Court through sophistry.

**III.**

**THE DISTRICT COURT ABUSED ITS DISCRETION IN PERMITTING DEFENSE EXPERT EMMA LEW TO PROVIDE UNDISCLOSED TESTIMONY AND REFUSED TO GIVE A REQUESTED CURATIVE INSTRUCTION**

**A. <u>Introduction:</u>**

Appellee offers a variety of reasons why the district court's ruling allowing Dr. Lew's surprise opinion testimony was not harmful error. Appellee argues that the testimony was not inadmissible as surprise because it was consistent with Dr. Lew's deposition testimony, even though not mentioned in her expert report. Appellee argues that Plaintiff's objection was waived by not having been made by way of a pretrial motion in limine. Appellee contends that Dr, Lew's testimony that David Alexis' gun ended up more than twenty feet from where he was standing when shot is not speculative. Defendant next argues that the testimony was admissible "under the doctrine of curative admissibility" because the Plaintiff had opened the door to such evidence through her expert witness. Finally, Appellee argues that any harmful error was cured by the district court's offer to grant a mistrial as a result of the surprise evidence. None of those arguments warrants affirmance.

6

Wasson & Associates, Chartered
28 West Flagler Street, Suite 600 • Miami, Florida 33130 • (305) 372-5220 Telephone
www.wassonandassociates.com

Dr. Lew's expert explanation for David Alexis's pistol appearing in the middle of the spent shell casings was a surprise because she had answered "I don't know" to the question whether she had any opinion about the gun being thrown. Plaintiff did not waive any objection to that opinion because she did file a motion in limine seeking to limit Dr. Lew to the opinions in her report. Even if that motion in limine had not been filed and argued, there is no duty to file a pretrial motion in limine seeking an advance ruling excluding evidence. The testimony was purely speculative and inadmissible. Plaintiff did not open the door to such undisclosed and speculative testimony because Defendant well knew long before trial that Plaintiff's experts rejected the proposition that the gun had been tossed that great distance. Finally, because having the objection sustained, precluding the testimony, and offering a curative instruction would have remedied the problem without the need for a new trial, Plaintiff's rejection of the offered mistrial did not constitute a waiver of this issue on appeal.

**B. <u>Dr. Lew's Undisclosed Opinion Was a Surprise:</u>**

Appellee argues that the subject testimony from Dr. Lew was not inadmissible as a surprise because "it was elicited from Dr. Lew at her deposition, ***three years prior*** to the trial" in her deposition. *See* Answer Brief at 11 (emphasis by Appellee). Appellee offers no record cite for that representation to this Court, because it is untrue. The surprise testimony Dr. Lew gave at trial included her opinion

Wasson & Associates, Chartered
28 West Flagler Street, Suite 600 • Miami, Florida 33130 • (305) 372-5220 Telephone
www.wassonandassociates.com

"explain[ing] the location of the gun, amidst those casings, in [her] medical opinion," which she rendered as follows:

> Yes. The officer had gotten out of his truck. Mr. Alexis was backing away from him with his right hand hidden. At which point, he then brings around his hand, right hand, holding the gun. The officer sees the gun and fires the shot. Mr. Alexis is shot. He feels the pain, and although he is now holding the gun and bringing it up and around, he, with the gunshot wound, feels the pain, cringes, doubles over a little bit and his attention is diverted from his gun. He **doesn't intend to throw it away**, but the pain then takes his attention. **He releases his hold on the gun, and with his arm in motion, the momentum carries the gun in front of him which means toward the officer, which means toward the truck, which means toward the casings**."

DE 365 at 288. (Emphasis added),  In other words, Dr. Lew testified that the pain from being shot caused Mr. Alexis' arm to jerk forward and release his gun, throwing it twenty feet a location behind where Defendant was standing when he started shooting.  Dr. Lew did not render such a "medical opinion" during her deposition.

Dr. Lew was deposed on January 27, 2017.  DE 168-6.  Appellee argues in his Answer Brief that Dr. Lew rendered such an opinion at her deposition and, therefore, "Dr. Lew's opinion was known to Plaintiff for almost three years before the commencement of trial—a fact Plaintiff conceded at least **twice** during trial." Answer Brief at 12 (emphasis by Appellee). Appellee's argument is a misrepresentation of Dr. Lew's deposition testimony, and a mischaracterization of Plaintiff's counsel's concession made at trial.  Dr. Lew never rendered any such opinion during her deposition and Plaintiff conceded only that he was aware of

8

WASSON & ASSOCIATES, CHARTERED
28 West Flagler Street, Suite 600 • Miami, Florida 33130 • (305) 372-5220 Telephone
www.wassonandassociates.com

testimony concerning the ***subject matter*** of the location of Mr. Alexis' pistol during the deposition, not of such an opinion.

This is Dr. Lew's deposition testimony on the subject:

> Q    ***Do you have any opinions*** as to whether Mr. Alexis' weapon, the Springfield pistol, was thrown?
>
> A    ***I don't know.***

DE 168-6 at 84 (emphasis added).

This Court should not countenance Appellee's misrepresentation that the Plaintiff was on notice of Dr. Lew's surprise trial opinion from the time of her deposition. By answering "I don't know" to the specific question whether she had "any opinions as to whether Mr. Alexis' weapon, the Springfield pistol, was thrown," Dr. Lew specifically disclaimed any such opinion and it is not right for Appellee to misinform this Court otherwise.

Nor did Plaintiff's counsel concede any awareness of such an opinion held by Dr. Lew prior to trial. Of course Plaintiff's counsel could not have conceded that he knew of Dr. Lew's opinion from the time of her deposition, because she did not render any such opinion at her deposition. Nor did Plaintiff's counsel mistakenly make any such concession. The colloquy at which this issue was being discussed dealt with Dr. Lew's testimony about the ***subject matter*** of where Mr. Alexis' pistol was found at the scene, and Plaintiff's counsel only conceded that he was aware from

Wasson & Associates, Chartered
28 West Flagler Street, Suite 600 • Miami, Florida 33130 • (305) 372-5220 Telephone
www.wassonandassociates.com

the deposition that testimony concerning that ***subject matter*** was addressed at the deposition.

Judge Moreno asked Plaintiff's counsel about the date of the deposition, and upon learning that it was taken after Dr. Lew's written report was furnished, had this exchange with Plaintiff's counsel:

> THE COURT: My goodness. So that means you knew about ***this type of testimony*** after the report [but] during the deposition, right?
>
> MR. DEMAHY: Yes.

DE 365 at 276 (emphasis added).

Plaintiff's counsel did not concede that he was aware of Dr. Lew's opinion that Mr. Alexis threw the gun when his arm jerked forward in pain upon being shot by Officer Carballosa. Therefore, that opinion was a surprise and should have been excluded on that basis.

### C. No Waiver by Failure to File Motion in Limine:

Appellee argues that Plaintiff waived any objection to Dr. Lew's testimony concerning how the gun came to be located behind where Officer Carballosa would have been standing while shooting at David Alexis, critically commenting that the objection made in "the third day of trial and ***in the middle of Dr. Lew's trial testimony*** . . . was [] untimely." *See* Answer Brief at 11 (emphasis by Appellee).

Appellee apparently is taking a cue from Judge Moreno, who mistakenly held the belief that objections to expert testimony needed to be raised before trial, even

WASSON & ASSOCIATES, CHARTERED
28 West Flagler Street, Suite 600 • Miami, Florida 33130 • (305) 372-5220 Telephone
www.wassonandassociates.com

though there was no trial order requiring such pretrial objections or motions in limine to be filed.  During the colloquy concerning Plaintiff's objection to Dr. Lew's mid-trial opinion, His Honor stated as follows:

> THE COURT:    If you wanted to exclude it, why didn't you file a motion to exclude? By the way, there were all kinds of motions under *Daubert* filed to exclude the testimony of police.  We had tests 1 through 6, 7 through 10, and other experts.  So this would have been something to put on [a motion in limine], so it wasn't done.

DE 365 at 276.

His Honor elaborated on the belief that Plaintiff's objection was untimely stating as follows:

> The issue that I have is, is this the right time to do that when traditionally we do all of these things way in advance, and it's not like in this case filed in 2014, gone to the Court of Appeals twice on qualified immunity, set for trial in 2018—so I haven't really been sitting on it a long time but you all have for five years.  ***It seems like this is probably not the best time to bring that up***, is it, other than cross-examine. You can always challenge an expert, and I have told the jurors that they can accept or reject any expert testimony. It's up to them and they've even had an additional instruction from me explaining why hearsay is admissible through experts and that it's for them to decide the underlying information which, of course, there's not that much, certainly there's no direct information about some of the things because of how quickly it was done and the lack of witnesses overseeing it.
>
> ***So I don't know what you want me to do. You want me to strike it. I don't know if I can strike it now***. . . . Mr. DeMahy***, how can I strike it now? It goes to the weight, not its admissibility at this stage. Wouldn't you think***?

DE 365 at 277-78 (emphasis added).

Wasson & Associates, Chartered
28 West Flagler Street, Suite 600 • Miami, Florida 33130 • (305) 372-5220 Telephone
www.wassonandassociates.com

That ruling that the objection was untimely was erroneous. The Plaintiff long before trial filed a motion in limine expressly arguing that "Dr. Lew's testimony should be limited to the opinions and materials she provided in her expert witness report." DE 189 at 8.  Dr. Lew's opinion that David Alexis hurled the gun forward when he was shot was nothing like any opinion revealed in Dr. Lew's pretrial report. Plaintiff's co-counsel's acknowledgment at trial that a motion in limine on the specific issue "would [have been] better" should not be read as a concession that no motion in limine was filed, only that no motion was filed specifically identifying this surprise testimony prior to trial.

Even if no motion in limine had been directed to Dr. Lew's testimony, there is no requirement in law that an objection be made in advance of trial to be preserved. The Appellee cites no case so requiring a motion to filed in advance of trial, nor is there any such authority. Further, even if there were such a case when dealing with evidence that the opposing party has reason to know will be offered, in the circumstance present here where the testimony was a complete surprise and not disclosed during the witness' deposition, any such requirement should be obviated.

Federal law on "preserving a claim of error" in rulings on the admissibility of evidence is contained in Rule 103(a) of the Federal Rules of Evidence.  That rule provides as follows:

Wasson & Associates, Chartered
28 West Flagler Street, Suite 600 • Miami, Florida 33130 • (305) 372-5220 Telephone
www.wassonandassociates.com

(a) **Preserving A Claim of Error** A party may claim error in a ruling to admit or exclude evidence only if the error affects a substantial right of the party and:

> (1) If the ruling admits evidence, a party, on the record:
>
>> (A)    Timely objects or moves to strike; and
>>
>> (B)    States the specific ground, unless it was apparent from the context; . . . .

Fed. R. Evid. 103(a)(1).

There is no requirement under federal law that a party file a specific motion in limine prior to trial to preserve a claim of error in the introduction of evidence that the party had no reason to believe would be offered. Therefore, this Court should reject Appellee's untimeliness argument.

### D. Dr. Lew's Testimony Was Inadmissibly Speculative:

Appellee argues that affirmance is required because "Plaintiff has not produced any authority compelling exclusion of 'possible' explanations offered by experts," suggesting that mere possibilities render expert testimony admissible. *See* Answer Brief at 15. That is not the law in this Circuit. This Court requires that expert opinion be rendered within the realm of reasonable probability, not mere speculative possibilities.

"For expert testimony to create a triable question of fact, it must be supported by proper factual basis and must ***possess reasonable probability regarding the witness' opinion or conclusion***. Thus, expert testimony based on speculation ***or***

*expressing mere possibilities is of no probative value* . . . ." *Tang v. Republic Parking System*, 734 F. Supp. 486, 491 (N.D. Ga. 1989)(emphasis added)(citing *Coats & Clark, Inc. v. Gay*, 755 F.2d 1506 (11th Cir. 1985)).  This Court in *Coats & Clark* held that an expert's affidavit filed in opposition to a motion for summary judgment was inadmissibly speculative because the expert expressed an opinion as a mere possibility, rather than probability:

> In opposition to such motion, Gay submitted the affidavit of Donnelly, who stated: "It is further my opinion that a ***potential*** *cause* of this fire was a smoldering bale of cotton which smoldered for a period of time"; again, "It is my opinion that a fire packed bale from the ginning process shipped into the warehouse at that time or at a time near to February 18, 1982, ***could have caused the fire*** in this warehouse"; and again, "It is my opinion that a spark from a cut band ***could have caused*** a smoldering bale which resulted in this fire."
>
> It is obvious that Donnelly's opinion is based upon speculation and guesswork and has no significant probative value. Nowhere in his affidavit does he express an opinion that a hot bale ***was in fact*** the cause of the fire . . . .

*Id*. at 1510 (emphasis by court).

Dr. Lew's testimony was similarly speculative as asserting only possible explanations for the gun being in the middle of the shell casings.  She responded "[t]hat is correct" to the question during voir dire that asked: "So you would be speculating . . . . [That] maybe he could have thrown the gun a couple of feet . . . ." DE 365 at 293.  Dr. Lew agreed that her speculative opinion was merely one of "a lot of possible explanations for why the gun is there," not that she held that opinion

within reasonable probability. *Id*. Therefore, the testimony was erroneously admitted, causing substantial prejudice to the Plaintiff. The verdict and judgment based thereon should be reversed.

**E. Dr. Lew's Speculative Testimony Inadmissible Under "Doctrine of Curative Admissibility":**

This Court should reject Appellee's argument that Plaintiff opened the door to the admissibility of Dr. Lew's speculative testimony by presenting Plaintiff's experts' testimony concerning the issues. In order for that doctrine to be applicable, an opposing party must have opened the door to the introduction of inadmissible testimony by himself presenting inadmissible testimony. Plaintiff's experts did not render any opinion testimony that David Alexis' pistol was planted among the shell casings, or otherwise speculate as to how it was located there.

Dr. Marraccini testified: "I don't have any opinion how it got there." DE 364 at 49. Nor did Plaintiff's expert Gerald Styers offer any speculative opinion as to how the pistol came to be located behind where Officer Carballosa would have been standing when he shot David Alexis. DE 364 at 49-54. Plaintiff did not "open the door" to any speculative opinion from Dr. Lew how the gun landed where it was, so this Court should reverse the judgment based largely on that speculative opinion from Dr. Lew.

**F. No Waiver by Rejecting Mistrial Offer:**

Wasson & Associates, Chartered
28 West Flagler Street, Suite 600 • Miami, Florida 33130 • (305) 372-5220 Telephone
www.wassonandassociates.com

This Court should reject Appellee's argument "that Plaintiff forfeited her ability to seek a new trial on this issue where she expressly declined the district court's repeated offers to declare a mistrial on this very issue." *See* Answer Brief at 22. Striking Dr. Lew's testimony and so advising the jury by way of a curative instruction would have cured the error. That was not done. There is no duty to request more relief than necessary to cure an error in order to preserve that error for appeal. Only now is a new trial necessary because Judge Moreno refused to grant the relief which would have cured the error. There was no duty to request a mistrial at the time, and no duty to accept Judge Moreno's offer of a mistrial in order to bring this error before this Court.

## III.

## THE TRIAL COURT ERRONEOUSLY ALLOWED MS. ACEVEDO'S TESTIMONY ABOUT MR. ALEXIS' PRIOR <u>BAD ACT OF POINTING A GUN AT HER</u>

### A. <u>Introduction:</u>

Appellee argues that Plaintiff waived any objection to Ms. Acevedo's testimony that Mr. Alexis has pointed a gun at her by failing to make an objection at trial. Appellee also argues that the evidence was admissible under Rule 404(b), "as it bore directly on, at a minimum, absence of mistake and opportunity." *See* Answer Brief at 27. Neither of those arguments has any merit. The objection was preserved by a specific ruling of the trial court denying Plaintiff's motion in limine on this

WASSON & ASSOCIATES, CHARTERED
28 West Flagler Street, Suite 600 • Miami, Florida 33130 • (305) 372-5220 Telephone
www.wassonandassociates.com

ground. The evidence was not necessary to establish absence of mistake and opportunity because there was ample other testimony to satisfy those factors.

### B.    The Objection Was Preserved by Plaintiff's Motion in Limine

This Court should reject Appellee's waiver argument. Plaintiff's objection to the testimony that David Alexis had pointed a gun at his former girlfriend, Ms. Acevedo, was preserved by the motion in limine to exclude evidence of his prior bad acts. Judge Moreno recognized that the subject was embraced within the motion in limine, noting at the hearing on the motion in limine: "She also says David Alexis, in the past, had brandished a gun at her." DE 271 at 28. His Honor expressly and specifically overruled that objection at the hearing, stating: "That means Yalyasher Acevedo's testimony is obviously relevant, and the Motion to Exclude a Prior Bad Act of David Alexis is *denied as it relates to a gun because the gun is an issue*." DE 271 at 29 (emphasis added).

There was no need to renew this objection at the time of trial, as Appellee would know had he made a cursory reading of the Federal Rules of Evidence. Rule 103(b), entitled "Not Needing to Renew an Objection of Offer of Proof," clearly states as follows: "Once the court rules definitively on the record—either before or at trial—a party need not renew an objection or offer of proof to preserve a claim of error for appeal." Nor was there any need for Plaintiff to take exception to Judge Moreno's ruling denying that motion in limine. *See* Fed. R. Civ. P. 46.

WASSON & ASSOCIATES, CHARTERED
28 West Flagler Street, Suite 600 • Miami, Florida 33130 • (305) 372-5220 Telephone
www.wassonandassociates.com

Therefore, the objection was timely and properly made and need not have been raised again.

**C.    Evidence Inadmissible Under Rule 404(b) to Show Absence of Mistake and Opportunity:**

This Court should reject Appellee's argument that David Alexis' act of pointing a pistol at his former girlfriend was admissible under Rule 404(b) as bearing on the issue of "absence of mistake and opportunity."  Appellee seems to be arguing the fact that David Alexis owned a firearm and kept it with him tended to establish the likelihood that he intentionally held the pistol during his encounter with Officer Carballosa.  However, there already was ample undisputed evidence that Mr. Alexis owned a pistol, carried it with him in his car, and would take it in and out of his car when he entered and exited the vehicle.   All that non-prejudicial testimony concerning gun ownership and possession fully established the "absence of mistake and opportunity" proof that Appellee now argues was satisfied by the incident with Ms. Acevedo.

Appellant denies that the incident with Ms. Acevedo "bore directly on . . . absence of mistake and opportunity" as argued by the Appellee.  However, assuming for the sake of argument that it does, because there was other, uncontroverted and non-prejudicial evidence on those issues, the prejudicial effect of the evidence of pointing it as Ms. Acevedo far outweighs any probative value of that evidence.

WASSON & ASSOCIATES, CHARTERED
28 West Flagler Street, Suite 600 • Miami, Florida 33130 • (305) 372-5220 Telephone
www.wassonandassociates.com

The jury must have considered the evidence that Mr. Alexis had previously pointed a pistol at someone he cared for as evidence of propensity. That is not a legitimate purpose for evidence of prior bad acts. Therefore, reversal should be ordered.

## IV.

## THE DISTRICT COURT ABUSED ITS DISCRETION IN EXCLUDING FROM EVIDENCE DAVID ALEXIS' PISTOL

Appellee's first argument why there was no reversible error in excluding from evidence the Plaintiff's pistol is that "Plaintiff never objected to the Court's exclusion of the gun, and she never re-raised the issue [by way of a motion for new trial]." *See* Answer Brief at 30 (emphasis by Appellee). However, there was no duty for the Plaintiff to renew that request take exception to the trial court's ruling excluding the subject evidence or including that argument in Plaintiff's motion for new trial. *See* Fed. R. Evid. 103(b); Fed. R. Civ. P. 46.

Appellee's argument that the district court should be affirmed because "Plaintiff had not previously sought to introduce Alexis' actual firearm through any of her witnesses, including her expert witnesses," misleadingly suggests that there may be some potential objection to authenticity or other evidentiary foundational objection to one of the most important pieces of physical evidence in the entire trial. One of the main issues in the case was whether David Alexis' pistol would have shown damage from being tossed twenty feet, if the Defendant's theory was correct.

19

In cross-examination of Plaintiff's expert Gerald Styers, he was asked to look at an enlarged photograph of the gun and the following questioning ensued:

> Q.    And do you see on the high points of this gun the damage to the gun?
>
> A.    I can't see any damage.
>
> Q.    You can't see the damage on the high points of this?
>
> A.    I do not see damage.
>
> Q.    It's your opinion that there's **markings on those high points are not damage?**
>
> A.    There is something white, there, **but that's not damaged**.

DE 364 at 56 (emphasis added). Mr. Styers was asked a number of additional questions about whether or not the pistol shows any signs of damage from being thrown twenty feet. *Id*. at 56-59. He testified that it did not show any damage.

Defendant's weapons expert, Alexander Jason, testified that he inspected David Alexis' gun and observed some markings on the pistol which he "call[ed] . . . more than scratches . . . , but there are some kinda, kinda deep gouges." DE 364 at 225. When asked if he could "still see scratches on it today," Mr. Jason testified: "Yes. You see some abrasive damage." DE 364 at 229. The defense contended that was evidence supporting its theory that Mr. Alexis tossed the gun to a place behind the location where Defendant had been standing when he shot him. This discrepancy in the testimony was critical.

Wasson & Associates, Chartered
28 West Flagler Street, Suite 600 • Miami, Florida 33130 • (305) 372-5220 Telephone
www.wassonandassociates.com

There is no question about the authenticity of the pistol, its chain of custody, or any other foundational objection that warrants exclusion thereof.  The weapon itself was handed to Plaintiff's expert Gerald Styers and authenticated during his direct testimony.  DE 364 at 22.

Appellee attempts to argue that "[t]he district court's adherence to Plaintiff's ***own witness list*** . . . fell well within its broad discretion," because the pistol was listed as an exhibit only by the defense and not by the Plaintiff.  *See* Answer Brief at 31. That argument ignores Judge Moreno's express direction that there would to be "[n]o duplicates" in the listed exhibits, and that if one party "already has listed an exhibit, we don't need to have" the same exhibit listed by the other side.  *See* DE 307 at 37.

Thus, the best evidence to resolve this direct conflict in the experts' opinions was to allow the jury to inspect the pistol itself and see whether or not it bore markings consistent with being hurled twenty feet.  The exclusion of this critical evidence was highly prejudicial to the Plaintiff and without legal justification. Therefore, this Court should reverse for a new trial.

Wasson & Associates, Chartered
28 West Flagler Street, Suite 600 • Miami, Florida 33130 • (305) 372-5220 Telephone
www.wassonandsociates.com

**V.**

**THE COURT ERRED IN PRECLUDING PLAINTIFF FROM INTRODUCING PORTIONS OF DEFENDANT CARBALLOSA'S VIDEOTAPED DEPOSITION AND THEN FORBIDDING HER FROM ASKING HIM LEADING QUESTIONS DURING HER CASE-IN-CHIEF, WHICH TAKEN TOGETHER, WENT <u>BEYOND THE EXERCISE OF REASONABLE CONTROL</u>**

The district court's rulings prohibiting Plaintiff from playing the videotaped deposition of Officer Carballosa—and then prohibiting Plaintiff from calling him as an adverse witness and using leading questions—is unique in all of federal jurisprudence. No case decided by any federal court at any level has recognized the propriety of precluding a party from playing her opponent ***party's*** deposition, or leading the opposing party when called as a live witness.

The single case cited by Appellee is totally off point. In *Jaffe v. Bank of Amer., N.A.*, 396 F. Appx. 583 (11th Cir. 2010), the district court precluded use of leading questions when the plaintiff called a former employee of the defendant whom "the district court expressly found . . . harbors no animosity toward the [plaintiff] and that he testified in a forthright and direct manner." That is far from the situation here where Officer Carballosa harbored great resentment toward the Plaintiff and her counsel. Allowing leading questions would not have prolonged the trial; it would have shortened it. Therefore, this Court should reverse for a new trial.

WASSON & ASSOCIATES, CHARTERED
28 West Flagler Street, Suite 600 • Miami, Florida 33130 • (305) 372-5220 Telephone
www.wassonandassociates.com

## **CONCLUSION**

WHEREFORE, the Plaintiff having been unfairly prejudiced by the district court's arbitrary rulings, violation of the Federal Rules of Civil Procedure and Federal Rules of Evidence, the judgment in Defendant's favor should be reversed and this matter should be remanded for a new trial on all issues.

Respectfully submitted,

<table>
<tr>
<td>

ROY D. WASSON<br>
WASSON & ASSOCIATES, CHARTERED<br>
Courthouse Plaza—Suite 600<br>
28 West Flagler Street<br>
Miami, FL 33130<br>
(305) 372-5220 Telephone<br>
*roy@wassonandassociates.com*

</td>
<td>

MARY MARGARET SCHNEIDER,<br>
FRANK LABRADOR, PETER DEMAHY<br>
DLD LAWYERS<br>
806 Douglas Road, 12th Floor<br>
Coral Gables, Florida 33134<br>
(305) 443-4850 Telephone<br>
*mmschneider@dldlawyers.com*<br>
*flabrador@dldlawyers.com*<br>
*pdemahy@dldlawyers.com*

</td>
</tr>
</table>

Counsel for Plaintiff/Appellant

By: *s/Roy D. Wasson*
ROY D. WASSON
Florida Bar No. 332070

WASSON & ASSOCIATES, CHARTERED
28 West Flagler Street, Suite 600 • Miami, Florida 33130 • (305) 372-5220 Telephone
www.wassonandassociates.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing and an original and six paper copies have been dispatched to the clerk of court for delivery within three days on September 2, 2020.

By:    *s/Roy D. Wasson*
       ROY D. WASSON
       Florida Bar No. 332070

## <u>CERTIFICATE OF COMPLIANCE</u>

I HEREBY CERTIFY that the foregoing brief complies with the type-volume limitation set forth in FRAP 32(a)(7)(B).  This brief contains 5,421 words.

By:    *s/Roy D. Wasson*
       ROY D. WASSON
       Florida Bar No. 332070

Wasson & Associates, Chartered
28 West Flagler Street, Suite 600 • Miami, Florida 33130 • (305) 372-5220 Telephone
www.wassonandassociates.com

## SERVICE LIST

| **Counsel for Plaintiff/Appellant** | **Counsel for Defendants/Appellees** |
|---|---|
| Mary Margaret Schneider | Annery Pulgar Alfonso |
| *mmschneider@dldlawyers.com* | *annery@miamidade.gov* |
| Florida Bar Number: 614009 | Florida Bar Number: 90854 |
| Frank L. Labrador | Bernard Pastor |
| *flabrador@dldlawyers.com* | *pastor@miamidade.gov* |
| Florida Bar Number: 796980 | Florida Bar Number: 46582 |
| Pete Demahy | Anita Viciana |
| *pdemahy@dldlawyers.com* | *anita@miamidade.gov* |
| Florida Bar Number: 241822 | Florida Bar Number: 115838 |
| DLD Lawyers | Jennifer L. Hochstadt |
| Douglas Entrance | *hochsta@miamidade.gov* |
| 806 S. Douglas Road, 12th Floor | Florida Bar Number: 56035 |
| Coral Gables, Florida 33134 | Miami-Dade County Attorney's Office |
| (305) 443-4850 Telephone | Stephen P. Clark Center |
| (305) 443-5960 Facsimile | 111 N.W. 1st Street, Suite 2810 |
| | Miami, Florida 33128 |
| Roy D. Wasson | (305) 375-5151 Telephone |
| Florida Bar No. 332070 | (305) 375-5634 Facsimile |
| Wasson & Associates, Chartered | |
| Co-counsel for Plaintiff/Appellee | |
| Courthouse Plaza—Suite 600 | |
| 28 West Flagler Street | |
| Miami, Florida 33130 | |
| (305) 372-5220 Telephone | |
| (305) 372-8067 Facsimile | |
| *roy@wassonandassociates.com* | |
| *e-service@wassonandassociates.com* | |

WASSON & ASSOCIATES, CHARTERED
28 West Flagler Street, Suite 600 • Miami, Florida 33130 • (305) 372-5220 Telephone
www.wassonandassociates.com